IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01344-RM-MJW

JAMES A. PECK,

Plaintiff(s),

v.

CHIDDIX EXCAVATING, INC., a Colorado corporation, and
SHANE CHIDDIX, Individually,

Defendant(s).

---

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SERVICE PURSUANT TO C.R.C.P. 4(f) FOR SUBSTITUTED SERVICE
(Docket No. 18)**

---

**Michael J. Watanabe
United States Magistrate Judge**


Plaintiff has not served Defendants in this case, and he now moves for leave to

serve Defendants through substituted service upon Hans Tuft, pursuant to the Colorado

Rules of Civil Procedure.  (Docket No. 18).  Judge Raymond P. Moore referred the

motion to the undersigned. (Docket No. 19).  For the following reasons, the Court

GRANTS the motion.

### Background

Plaintiff filed suit on May 14, 2014.  At a status conference in August, Plaintiff's

counsel reported that Defendants were dodging service.  Under Rule 4(m) of the

Federal Rules of Civil Procedure and Civil Rule 41.1 of the District of Colorado's Local

Rules of Practice and Procedure, the Court gave Plaintiff until September 29, 2014, to

2

serve Defendants or otherwise show cause why the case should not be dismissed for failure to effect service.  (Docket Nos. 16 & 17.)  On September 29, 2014, Plaintiff filed a response averring that:

- Plaintiff's process server has attempted service 17 times;

- Defendant Shane Chiddix has been approached twice while in his vehicle; one time, in his own driveway, he drove around the process server to avoid her; the other time, he drove across an open field to avoid service;

- The El Paso County Sheriff's Office has tried three times, unsuccessfully, to serve Mr. Chiddix at his residence; and

- An attorney named Hans Tuft has represented Mr. Chiddix in other matters and has been in contact with both Mr. Chiddix and Plaintiff's counsel with regard this matter, but has not been authorized by Mr. Chiddix to accept service.

Further, Plaintiff's counsel provided e-mail communications with Mr. Tuft indicating that Mr. Tuft has, in fact, forwarded the Complaint in this matter to Mr. Chiddix.  Plaintiff's counsel made her process server available at the Show Cause Hearing held in this matter on September 29, 2014.  The process server verified the averments made by Plaintiff's counsel.

Finally, although Plaintiff's counsel neglected the following point in her motion, the Court has taken judicial notice of the fact that (according to the Colorado Secretary of State's website) Mr. Chiddix is the registered agent for Defendant Chiddix Excavating, Inc.

3

## Law

Under the Federal Rules of Civil Procedure, service may be made upon a party
(1) as provided for under state law, (2) by personal in-hand service, (3) by leaving
process with an appropriate individual at the party's residence, or (4) by serving  an
authorized representative.  Fed. R. Civ. P. 4(e).  The Colorado Rules of Civil Procedure
add a few more options.  First, an individual can be served by leaving the process "at
the person's usual workplace, with the person's supervisor, secretary, administrative
assistant, bookkeeper, human resources representative or managing agent."  Colo. R.
Civ. Pro. 4(e)(1).  Second, for a business entity, process can be served "by delivering a
copy thereof" on any officer, partner, trustee, or functionally equivalent person.  Colo. R.
Civ. Pro. 4(e)(4).  Finally, Colorado allows for "substituted service" upon another person
in lieu of the party, in certain circumstances:

> **[4](f) Substituted Service**.  In the event that a party attempting service of
> process by personal service under section (e) is unable to accomplish
> service, and service by publication or mail is not otherwise permitted
> under section (g), the party may file a motion, supported by an affidavit of
> the person attempting service, for an order for substituted service.  The
> motion shall state (1) the efforts made to obtain personal service and the
> reason that personal service could not be obtained, (2) the identity of the
> person to whom the party wishes to deliver the process, and (3) the
> address, or last known address of the workplace and residence, if known,
> of the party upon whom service is to be effected.  *If the court is satisfied
> that due diligence has been used to attempt personal service under
> section (e), that further attempts to obtain service under section (e) would
> be to no avail, and that the person to whom delivery of the process is
> appropriate under the circumstances and reasonably calculated to give
> actual notice to the party upon whom service is to be effective*, it shall:
>
> > (1) authorize delivery to be made to the person deemed appropriate
> > for service, and

4

> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.  Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. Pro. 4(f) (emphasis added).

### Analysis

Although Plaintiff's counsel did not include an affidavit by the process server, the process server was made available to testify at the hearing, and the required information was provided; the Court finds that the motion is properly made.

The Court further finds that Plaintiff has used all due diligence in attempting to serve Defendants; that further attempts to effect in-hand service would be of no avail, and no other viable method of service under state law has been identified; that Hans Tuft is an appropriate person to serve under the circumstances; and that Hans Tuft is reasonably calculated to give—and has in fact already given—actual notice of service to Defendants.

Based upon the foregoing, it is hereby ORDERED that Plaintiff's motion for substituted service (Docket No. 18) is GRANTED.  It is further ORDERED that:

- Plaintiff shall serve Hans Tuft via personal in-hand service with the summons and Complaint in this case;

- Plaintiff shall mail a copy of the summons and Complaint to Shane Chiddix individually at 10875 Hat Creek Place, Colorado Springs, CO 80908, and also mail a copy of the summons and Complaint to Shane Chiddix as registered agent for Chiddix Excavating, Inc., at the same address;

- Plaintiff shall file proof of the foregoing with the Court on or before

5

Monday, October 6, 2014; and

• The Court's August 28, 2014 Order to Show Cause (Docket No. 17) is

DISCHARGED.


Date:  September 29, 2014          s/ Michael J. Watanabe
       Denver, Colorado           Michael J. Watanabe
                                  United States Magistrate Judge